COOLEY LLP
PETER J. WILLSEY (*Pro Hac Vice* Pending)
(pwillsey@cooley.com)
VINCENT J. BADOLATO (*Pro Hac Vice* Pending)
(vbadolato@cooley.com)
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
Telephone: (202) 842-7800
Fax: (202) 842-7899

THOMAS M. HADID (291390)
(thadid@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff
SAZERAC COMPANY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAZERAC COMPANY, INC., A LOUISIANA CORPORATION,<br><br>PLAINTIFF,<br><br>v.<br><br>FETZER VINEYARDS, A CALIFORNIA CORPORATION,<br><br>DEFENDANT. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) FEDERAL TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a);**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT; and**<br><br>**(5) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sazerac Company, Inc. ("Plaintiff" or "Sazerac") complains and alleges against Fetzer Vineyards ("Fetzer" or "Defendant") as follows.

## THE PARTIES

**1.** Sazerac is a corporation organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

**2.** Fetzer is a corporation organized under the laws of California with its principal place of business in Hopland, California.

## JURISDICTION AND VENUE

**3.** This is an action for federal trademark and trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and common law trademark infringement in violation of California state law.

**4.** This court has original jurisdiction over the federal trademark and trade dress infringement and unfair competition claims pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.

**5.** Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**6.** Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because: (1) Defendant's tortious conduct has occurred in this district; (2) Defendant conducts regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRADISTRICT ASSIGNMENT

**7.** This is an Intellectual Property Action to be assigned on a district wide basis pursuant to Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

**8.** This case involves Defendant's willful infringement of Sazerac's trademarks and trade dress for its BUFFALO TRACE bourbon. Sazerac's claims arise out of Defendant's use of

a confusingly similar buffalo design, associated trade dress, and the term "bourbon" in connection with its 1000 Stories product, as shown below:

Sazerac's BUFFALO TRACE product           Defendant's 1000 STORIES product

 

### Plaintiff's Business, BUFFALO Marks, and BUFFALO TRACE Trade Dress

9. Sazerac is a leading distiller of spirits and the namesake of America's first commercially promoted and sold cocktail – the Sazerac Cocktail. Sazerac produces, bottles and/or distributes a variety of distilled spirits, including vodkas, whiskeys, tequilas, and liqueurs. In particular, Sazerac produces, bottles and/or distributes numerous types of whiskeys, including American whiskey (bourbon, rye, and other varieties), Scotch whisky, and Canadian whisky (collectively hereinafter, "whiskey").

10. Sazerac is the parent company of Buffalo Trace Distillery, Inc., a Kentucky corporation with both its principal place of business and active distillery located in Frankfort, Kentucky.

11. Buffalo Trace Distillery, operating under various names since 1787, is the longest continually-running distillery in the United States. The distillery is located in Franklin County, Kentucky, on the banks of the Kentucky River. During the prohibition era, the distillery was

spared closure due to a rare government permit allowing distillation for medicinal purposes – one of only four such permits issued in the United States. In 1984, the distillery became the first to commercially market single-barrel bourbon whiskey. In 1999, the distillery was formally renamed Buffalo Trace Distillery. The next year, the distillery became the first American distillery to win Whisky Advocate's prestigious international "Distillery of the Year" award. Since then, the distillery has continued to earn domestic and international accolades. In July 2013, in recognition of its significance as a "rare, intact example of a distillery operating before, during and after Prohibition with intact distillery resources," the U.S. National Park Service named Buffalo Trace Distillery a National Historic Landmark. A listing of awards for the Buffalo Trace Distillery is attached hereto as **Exhibit A**.

**12.** Sazerac has produced, marketed, and distributed whiskey in interstate commerce under the BUFFALO TRACE mark since at least as early as July 1999.

**13.** The combination of elements on Sazerac's product packaging for its BUFFALO TRACE whiskey is highly distinctive. Sazerac's BUFFALO TRACE whiskey is marketed in a clear bottle bearing a white "ripped" label that features a sketched rendering of a standing, forward-facing buffalo (hereinafter referred to as the "Buffalo Logo"). The name "BUFFALO TRACE" is displayed below the Buffalo Logo in white font, accompanied by a gold line outlining the front profile of a buffalo (hereinafter, the "Buffalo Outline") between the words "Buffalo" and "Trace." This same Buffalo Outline is repeated around the circumference of the bottle's neck label. The distinctive appearance of the bottle and labels used to market BUFFALO TRACE is referred to hereinafter as the "BUFFALO TRACE Trade Dress."

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**14.** The various elements of the BUFFALO TRACE Trade Dress are depicted below:


**Buffalo Design**


**Buffalo Outline**


**BUFFALO TRACE
Trade Dress**


**Buffalo Rip Design**


**BUFFALO TRACE Logo and
Buffalo Outline**

**15.** The Buffalo Outline is used on its own and in connection with the BUFFALO TRACE DISTILLERY mark on various promotional materials for the distillery and on the labels of other Sazerac distilled spirits products, including Sazerac's BUFFALO TRACE DISTILLERY WHITE DOG whiskey and BUFFALO TRACE DISTILLERY EXPERIMENTAL COLLECTION whiskey. Examples of such uses are attached hereto as **Exhibit B**.

**16.** Sazerac's BUFFALO TRACE whiskey is targeted to adult purchasers and adult consumers of alcoholic beverage products.

**17.** Sazerac distributes its BUFFALO TRACE whiskey nationwide.

**18.** The BUFFALO TRACE product, like the Buffalo Trace Distillery, is well known and highly regarded. As examples of this success, Sazerac's BUFFALO TRACE whiskey received the Silver Outstanding Medal as selected by Whiskies of the World, the gold medal of

the 2015 Washington Cup Spirits Competition, and the silver medal of the New York World Wine & Spirits Competition. These are just three of the numerous awards and accolades bestowed upon the BUFFALO TRACE brand in 2015 alone. Since its launch in 1999, BUFFALO TRACE whiskey has received over 50 awards, including but not limited to a Gold Medal for Best Bourbon from the TheFiftyBest.com, an Excellent/Strong Recommendation at the Ultimate Spirits Challenge, and a Silver Medal at the San Francisco World Spirits Competition. A listing of awards for BUFFALO TRACE whiskey is attached hereto as **Exhibit C**.

19. Sazerac owns the following federal trademark registrations and applications for its BUFFALO TRACE mark and other Buffalo-related marks (collectively, hereinafter, the "BUFFALO Marks"):

- Buffalo Logo, U.S. Reg. No. 2,601,650, issued July 30, 2002, for "bourbon" and related marketing goods;

- Buffalo Outline Logo, U.S. Reg. No. 2,516,318, issued December 11, 2001, for related marketing goods;

- Buffalo Ripped Label Design, U.S. Reg. No. 2,476,423, issued August 7, 2001, for "bourbon";

- BUFFALO TRACE And Design, U.S. Reg. No. 2,622,735, issued September 24, 2002, for "bourbon" and related marketing goods;

- BUFFALO TRACE, U.S. Reg. No. 2,294,792, issued November 23, 1999, for "bourbon";

- BUFFALO TRACE, U.S. Serial No. 86/603,297, published August 19, 2015, for "distilled spirits;"

- BUFFALO TRACE DISTILLERY WHITE DOG, U.S. Reg. No. 3,835,562, issued August 17, 2010, for "whiskey;"

- WHITE BUFFALO, U.S. Reg. No. 4,215,557, issued September 25, 2012, for "vodka"; and

Copies of these trademark registrations and this application are attached hereto as **Exhibit D**. In addition to its federally registered and applied-for marks, Sazerac owns common law rights in its BUFFALO Marks and BUFFALO TRACE Trade Dress for whiskey and related marketing goods.

**Defendant's Use of a Confusingly Similar Buffalo Design**

20. On information and belief, Defendant develops, produces, bottles, and distributes wine in California and distributes these products nationwide.

21. In September 2014 – well over a decade after Sazerac's first sale of its BUFFALO TRACE whiskey – Defendant introduced a wine product called 1000 Stories that bears a confusingly similar buffalo design mark (the "Fetzer Buffalo Design") and trade dress (the "Fetzer Trade Dress") in order to pass off its own product as endorsed by or affiliated with Sazerac's BUFFALO TRACE whiskey.  Images of the Fetzer Buffalo Design and Trade Dress are below:

**Fetzer Buffalo Design**            **Fetzer Trade Dress**




22. The Fetzer Buffalo Design and Trade Dress were not used in commerce prior to Sazerac's first use of its BUFFALO Marks and BUFFALO TRACE Trade Dress in 1999.

23. On information and belief, Defendant adopted the Fetzer Buffalo Design and Trade Dress to exploit and trade on the longstanding goodwill, reputation, and success of

Sazerac's BUFFALO TRACE product and to create a likelihood of consumer confusion in the marketplace.

24.  The Fetzer Buffalo Design and Trade Dress are confusingly similar to Sazerac's BUFFALO Marks and BUFFALO TRACE Trade Dress.  Each of the 1000 Stories bottles prominently features the Fetzer Buffalo Design, which is a sketched rendering of a standing, left-facing, fur-covered buffalo, similar to the Buffalo Logo and Buffalo Outline displayed on Sazerac's BUFFALO TRACE product packaging.  In addition to this confusingly similar representation of a buffalo, the bottle text prominently reads "AGED IN BOURBON BARRELS," and the website marketing specifically references the wine's aging process in bourbon barrels from "famed distilleries," tacitly suggesting an association with such distilleries. It is readily apparent that Defendant chose the illustration and particular artistic stylization of a Buffalo to create a false association with Sazerac's BUFFALO TRACE brand.

25.  In light of the similarity in overall commercial impression between the Fetzer Buffalo Design and Trade Dress and Sazerac's BUFFALO Marks and BUFFALO TRACE Trade Dress, consumers are likely to be confused as to the source or sponsorship of Defendant's products.

26.  On information and belief, Defendant currently markets and distributes its 1000 Stories alcoholic beverage products throughout the United States, including California.

27.  On information and belief, Defendant currently markets and promotes its 1000 Stories product to wholesalers, distributors, and retailers as a "[b]ourbon barrel-aged Zinfandel... signifying the melding of two American stories." *See, e.g.,* **Exhibit E**.  The American story referenced on Defendant's website invokes the story of Sazerac's BUFFALO TRACE bourbon, not Defendant's wine products.

28.  On information and belief, Sazerac's BUFFALO TRACE product and Defendant's 1000 Stories product are competing, or will compete, in identical retail outlets – for example, wine and liquor stores, bars, restaurants, and online retail sites. On further information and belief,

Defendant, like Sazerac, markets its 1000 Stories product to adult consumers and adult purchasers of alcoholic beverage products.

**29.** Sazerac's use and registration of the BUFFALO Marks and BUFFALO TRACE Trade Dress long predates Defendant's use of its Buffalo Design and Trade Dress.

**30.** On information and belief, Defendant's trademark and trade dress infringement is willful.

**31.** Defendant had constructive knowledge of Sazerac's BUFFALO Marks based on Sazerac's federal registrations and application (*see* **Exhibit D**) and, on information and belief, Defendant had actual knowledge of Sazerac's whiskey and alcoholic beverage products sold under the BUFFALO Marks and BUFFALO TRACE Trade Dress at the time Defendant introduced its 1000 Stories product.

**32.** Defendant had actual knowledge of the BUFFALO Marks and BUFFALO TRACE Trade Dress at least as early as February 2015 when counsel for Sazerac sent a cease and desist letter to Defendant. A copy of the letter from Morgan A. Champion, Counsel for Sazerac, to Defendant, is attached hereto as **Exhibit F.**

## CLAIMS AND CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

**33.** Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 32 of this Complaint as if fully set forth here.

**34.** As set forth above, Sazerac is the owner of U.S. trademark Registration Nos. 2,601,650; 2,516,318; 2,476,423; 2,622,735; 2,294,792; 3,835,562; and 4,215,557; and U.S. trademark Serial No. 86/603,297.

**35.** Defendant is not authorized to use Sazerac's registered marks or any mark confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

**36.** Defendant's use of the Fetzer Buffalo Design is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with Sazerac.

**37.** Defendant intentionally and knowingly infringes Sazerac's trademark rights.

**38.** Upon information and belief, Defendant's infringing activities are likely to cause damage to Sazerac's hard-earned reputation and goodwill, and to divert sales and opportunities away from Sazerac and to Defendant.

**39.** Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1114 and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

**40.** Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 39 of this Complaint as if fully set forth here.

**41.** Sazerac has been using one or more of its BUFFALO Marks on and in connection with whiskey in interstate commerce since 1999 and has developed substantial goodwill in these marks in Sazerac's common law territory, the entire United States, prior to Defendant's adoption and use of the Fetzer Buffalo Design and Trade Dress in commerce.

**42.** Defendant's use of the Fetzer Buffalo Design and Trade Dress in interstate commerce in competition against Sazerac is likely to cause mistake, and/or to deceive as to an affiliation, connection, or association of Defendant with Sazerac, and/or as to the origin, sponsorship, and/or approval by Sazerac of Defendant's goods or commercial activities related to Defendant's wine product.

**43.** Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sazerac irreparable harm by the infringement and Sazerac has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## FEDERAL TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. §1125(a)

**44.** Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 43 of this Complaint as if fully set forth here.

**45.** Sazerac utilizes a distinctive trade dress, the BUFFALO TRACE Trade Dress, to market its BUFFALO TRACE whiskey product.

**46.** Defendant is not authorized to use Sazerac's BUFFALO TRACE Trade Dress or any trade dress confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

**47.** Defendant's use of the Fetzer Trade Dress for wine aged in whiskey barrels from "famous distilleries" and featuring the Fetzer Buffalo Design is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with Sazerac.

**48.** Defendant intentionally and knowingly infringes Sazerac's trade dress rights.

**49.** Defendant's infringing activities are likely to cause damage to Sazerac's hard-earned reputation and goodwill, and to divert sales and opportunities away from Sazerac and to Defendant.

**50.** Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1125(a) and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

**51.** Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 50 of this Complaint as if fully set forth here.

**52.** Sazerac owns common law trademark rights in its BUFFALO Marks and BUFFALO TRACE Trade Dress and all such rights owned by Sazerac are superior to any rights that the Defendant may claim to have in the Fetzer Buffalo Design and Trade Dress.

**53.** Defendant's unauthorized use of the BUFFALO Marks and BUFFALO TRACE Trade Dress and/or confusingly similar variations thereof, in connection with the sale of alcoholic beverage products is likely to cause confusion as to the source or sponsorship of these goods, and

likely to lead the public to believe that Sazerac is affiliated with or sponsors or endorses Defendant and/or Defendant's products, and is likely to mislead persons in the ordinary course of purchasing Defendant's goods and induce them to believe they are purchasing genuine goods of Sazerac, thereby injuring the reputation and goodwill and unjustly diverting from Sazerac to Defendant the benefits arising therefrom.

**54.** Defendant's acts of trademark infringement are continuing to be committed willfully, knowingly, intentionally, and in bad faith.

**55.** Defendant's acts of trademark infringement will continue to cause Sazerac irreparable damage, loss, and injury for which Sazerac has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.

**56.** Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 55 of this Complaint as if fully set forth here.

**57.** By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure Sazerac's business and property in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

**58.** Defendant's acts alleged herein have caused monetary damages to Sazerac in an amount to be proven at trial.

**59.** Defendant's acts have caused, and will continue to cause, irreparable injury to Sazerac and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

**60.** As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

Plaintiff Sazerac Company, Inc. prays for the following:

A. Defendant, its employees, representatives, and agents be enjoined from using Defendant's Buffalo Design and Trade Dress, or any marks, designs or graphics confusingly

similar to Sazerac's BUFFALO Marks and/or BUFFALO TRACE Trade Dress in conjunction with the marketing, distribution, and sale of distilled spirits and related services;

B. Defendant be ordered to publish for a period of not less than twelve months corrective advertising in all media in which the infringing mark and trade dress had been published, explaining to customers that Defendant and its 1000 Stories product were not and are not affiliated with or endorsed by Sazerac;

C. The Court grant any and all relief to which Sazerac may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, including treble damages and Sazerac's attorneys' fees;

D. The Court grant any and all relief to which Sazerac may be entitled pursuant to state law and state common law, including enhanced damages and attorneys' fees;

E. The costs of this action be taxed against Defendant; and

F. The Court grant Sazerac such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Sazerac Company, Inc. demands trial to a jury on all issues so triable.

Dated:  October 6, 2015                         COOLEY LLP

                                                By:  ____/s/ *Thomas M. Hadid*_____

                                                Peter J. Willsey (*Pro Hac Vice* Pending)
                                                Vincent J. Badolato (*Pro Hac Vice* Pending)
                                                1299 Pennsylvania Ave., NW Suite 700
                                                Washington, D.C. 20004-2446
                                                pwillsey@cooley.com
                                                vbadolato@cooley.com
                                                Telephone:  (202) 842-7800
                                                Fax:  (202) 842-7899

                                                Thomas M. Hadid
                                                3175 Hanover Street
                                                Palo Alto, CA 94304-1130
                                                thadid@cooley.com
                                                Telephone:  (650) 843-5000
                                                Fax:  (650) 849-7400

                                                Attorneys For Plaintiff,
                                                SAZERAC COMPANY, INC.

120712217