1  Steven R. Disharoon (State Bar No. 273170)
   sdisharoon@wshblaw.com
2  **WOOD, SMITH, HENNING & BERMAN LLP**
   1401 Willow Pass Road, Suite 700
3  Concord, California 94520-7982
   Phone: 925 222 3400 ♦ Fax: 925 356 8250
4
   Robert C. Holtzapple (State Bar No. 145954)
5  bholtzapple@fbm.com
   **FARELLA BRAUN & MARTEL LLP**
6  235 Montgomery Street, Suite 3000
   San Francisco, California 94104
7  Phone: 415 954 4400 ♦ Fax: 415 954 4480

8  Attorneys for Defendant, FETZER VINEYARDS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SAZERAC COMPANY, INC., | Case No. 3:15-cv-04618-WHO |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE** |
| v. | |
| FETZER VINEYARDS, | The Hon. William H. Orrick |
| Defendant. | Trial Date:  06/26/17 |

## TABLE OF CONTENTS

**Page**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE**..................................................................................................1

I.   Motion To Exclude Evidence Of Unexecuted Promotions..........................................1

II.  Motion To Exclude Evidence of Partnership Ideas.....................................................3

III. Motion to Exclude SPECIFIC Proposed Partnership EMAIL....................................4

IV.  Motion to Exclude Re "Targeting" Distribution Accounts.........................................5

V.   Motion to Exclude Evidence Regarding any TTB Involvement.................................5

VI.  Motion to Exclude References to Mixed Drinks Containing Both Products at Issue...........................................................................................................................6

# TABLE OF AUTHORITIES

Page

**CASES**

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349, 354 (9th Cir. 1979) ............................................ 1

*Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99-1877DT(MCX), 1999 WL 33117262, at *17-18 (C.D. Cal. Oct. 12, 1999) ............................................ 3

*Fierberg v. Hyundai Motor Am.*, No. CV 97-5382 DT(CTX), 1997 WL 715457, at *2 (C.D. Cal. Aug. 18, 1997) ............................................ 3

*First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1385 (9th Cir. 1987) ............................................ 1, 6

*Gen. Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 627 (8th Cir. 1987) ............................................ 2

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

LEGAL:06143-0586/7296174.1    -ii-    Case No. 3:15-cv-04618-WHO
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE

## I. MOTION TO EXCLUDE EVIDENCE OF UNEXECUTED PROMOTIONS

Fetzer Vineyards anticipates that Sazerac will seek to introduce evidence with respect to *proposed* promotions, not one of which was executed, that suggested combining the 1000 Stories wine product with a bourbon product in the same marketing effort. For example, in opposition to Fetzer Vineyards' MSJ, Sazerac noted a proposal from non-party distributor Young's Market to include an in-store rebate off Jack Daniel's or Buffalo Trace whiskey products when one purchases a bottle of 1000 Stories. Opp. to MSJ filed under seal at pp. 5-6, and evidence cited therein (specifically, Exhibit OO to the Opp.).

However, not a single promotion ever materialized; they were merely proposals, often from third-parties, and never from any officer or managing agent of Fetzer Vineyards. See Reply to Opp. to MSJ (Dkt. 78) at 11-12, and evidence cited therein. Moreover, Fetzer Vineyards of course has no ability to dictate what Young's Market might do, let alone what it might propose. Thus, the evidence does not tend to make any fact of consequence more or less probable, because it is not probative of the development of the 1000 Stories' marks, any similarity to the Buffalo Trace marks, or whether there is a substantial likelihood of consumer confusion between the two. FRE 401, 402.

Fetzer Vineyards anticipates Sazerac may argue that these promotional ideas are probative of intentional infringement (even though Sazerac's witnesses admitted they have no evidence or allegations of intentional infringement). This would misunderstand the "intent" factor of the *Sleekcraft* test, which looks at the defendant's intent *when it selects or adopts its mark*, not when marketing ideas are subsequently proposed. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349, 354 (9th Cir. 1979) (abrogated in part on other grounds); see also *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1385 (9th Cir. 1987) ("[The] intent of a defendant in *adopting* his trade dress is a critical factor") (emphasis added).

Since the proposed promotions have nothing to do with the selection or adoption of the 1000 Stories marks, they are not probative of intent or any other relevant issue. Even if the intent

factor looked at how the defendant "marketed" its brand, which it does not (see *id.*), the same result is reached since no such proposals were ever executed or revealed to potential consumers. To the extent Sazerac argues this evidence might be relevant because it shows *knowledge* of Buffalo Trace, *or even an intent to compete with it*, those are insufficient. *Gen. Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 627 (8th Cir. 1987) ("Knowledge of another's product and an intent to compete with that product is not, however, equivalent to an intent by a new entrant to a market to mislead and to cause consumer confusion.").

Even if a modicum of relevance were found, it is substantially outweighed by the danger of undue prejudice, unnecessary consumption of time, and confusion of the issues. Sazerac's reliance on a suggested promotion (proposed by a non-party over whom Fetzer Vineyards has no control) that refers to Buffalo Trace is of course intended to create a "guilt by association" theme, i.e., since *someone suggested* putting 1000 Stories and Buffalo Trace (and Jack Daniels) together in the same idea, there must be infringement and consumer confusion. Obviously, this is not the test for infringement and consumer confusion, meaning the only purpose of the evidence is to confuse and distract from the truly relevant matters at issue, all to the unfair prejudice of Fetzer Vineyards. Therefore, the evidence should also be excluded under FRE 403.

In addition, the documents from Young's Market, and/or any other non-parties, were never authenticated by anyone with the requisite knowledge. No Fetzer Vineyards representative testified to knowledge as to the substance of the documents, or that they were what they purport to be. As such, the documents lack foundation and are inadmissible. FRE 602, 901.

Similarly, the documents constitute inadmissible hearsay, since they are out of court statements offered for the truth of the matter asserted, i.e., that Young's Market was actually looking into an in-store rebate pertaining to Jack Daniels and/or Buffalo Trace. FRE 801. Should Sazerac argue that this is not the purpose of offering this evidence, it would only admit to the lack of relevance, since the mere *fact* of a third-party's promotional idea would have nothing to do with Fetzer Vineyards' intent or anything else of consequence.

## II.  MOTION TO EXCLUDE EVIDENCE OF PARTNERSHIP IDEAS

This Motion is brought on many of the same grounds as Motion in Limine I, in the related

context of evidence regarding unexecuted partnership ideas between Fetzer Vineyards and bourbon producers as concerns the 1000 Stories brand. As with the unexecuted promotional ideas, Fetzer Vineyards expects Sazerac to seek to introduce evidence on this issue. See Opp. to MSJ filed under seal at p. 5, and evidence cited therein. The primary evidence relied on by Sazerac at the summary judgment stage was a proposed partnership between 1000 Stories and Brown-Forman, *id.*, though other proposed partnerships came to light in discovery. A specific email concerning the proposed Brown-Forman partnership is at issue in Motion in Limine III. This Motion in Limine more broadly seeks to exclude any and all references to proposed partnerships that were never executed.

For the same reasons that unexecuted proposed promotions are inadmissible under FRE 401-403, the fact a company may simply have an idea to attempt to partner with another company should not be admitted into evidence since it is not relevant and will be unduly prejudicial, time-consuming, and confusing/distracting. It would also be cumulative, since Fetzer Vineyards has made no secret of the fact its 1000 Stories wine is meant to appeal to men, and bourbon drinkers in particular. See, e.g., MSJ (Dkt. 63) at 4. Thus, it is logical, lawful, and of no consequence that bourbon partnerships were sought, and evidence of the same will simply amount to cumulative and unfair emphasis of the point that 1000 Stories wine, being bourbon barrel aged, was meant to appeal to bourbon drinkers. FRE 401-403.

To the extent Sazerac attempts to support any opposition arguments with evidence from third-parties, it failed to obtain the personal knowledge and authentication necessary to lay a proper foundation, and it will also run into the same hearsay problems as noted with respect to Motion in Limine I. FRE 602, 801, 901; see also *Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99-1877DT(MCX), 1999 WL 33117262, at *17-18 (C.D. Cal. Oct. 12, 1999) (citing several examples of similarly inadmissible hearsay pertaining to alleged evidence of confusion); see also *Fierberg v. Hyundai Motor Am.*, No. CV 97-5382 DT(CTX), 1997 WL 715457, at *2 (C.D. Cal. Aug. 18, 1997) (sustaining objections based on hearsay to letters from third-parties that purportedly relayed confusion).

III. **MOTION TO EXCLUDE SPECIFIC PROPOSED PARTNERSHIP EMAIL**

Similar to Motion in Limine II, but more specific, Fetzer Vineyards anticipates that Sazerac will attempt to admit into the trial record a particular email from non-party Brown-Forman that is inadmissible on several grounds. Opp. to MSJ filed under seal at pp. 5-6, and evidence cited therein (specifically, Exhibit JJ to the Opp.).

The email was authored by Julie Lynn York, who is not an employee or agent of any party, was not disclosed as a witness by either party, and was never deposed by any party (nor is she listed as a trial witness). The substantive portion of the email is compromised of the following three confusing sentences:

> I wanted to let you know that I was able to connect with the Woodford Reserve team and they are declining the opportunity with 1000 stories [sic]. From a marketing/ equity perspective they are concerned about the positioning that there are several Bourbons that can/ are apart [sic] of this varietal. In addition, from the web-site there are references to several competitors and the label with the Buffalo took them right to Buffalo Trace . . . (ellipses in original)

It is anyone's guess what Ms. York meant by the foregoing. As she has not been disclosed by either party, there simply is no witness with personal knowledge to clarify these issues. FRE 602. Likewise, the email constitutes hearsay. FRE 801. It should be noted that Fetzer Vineyards disclosed this email in August 2016, but Sazerac made no attempt to depose Ms. York.

The foregoing document is also irrelevant, since it does not matter what Ms. York, Woodford Reserve, or any other non-party and non-consumer thought as to a potential partnership with 1000 Stories wine. FRE 401-402. Certainly, that Brown-Forman (Woodford Reserve's brand-owner), an industry insider and one of Sazerac's key competitors, was apparently aware of Buffalo Trace is of no consequence whatsoever.

Finally, this email is also inadmissible under FRE 403 because the vague, unsubstantiated line "Buffalo took them right to Buffalo Trace" will mislead, confuse, distract, and unfairly prejudice Fetzer Vineyards by suggesting that *any* buffalo, no matter how dissimilar, will cause consumers to be taken "right to Buffalo Trace." While the email is not clear, it is apparent that it has nothing to do with the similarity of the buffalos, consumer perceptions, or anything else relevant to Sazerac's infringement allegations.

## IV. MOTION TO EXCLUDE RE "TARGETING" DISTRIBUTION ACCOUNTS

Sazerac is expected to seek to introduce into evidence documents that reference "targeting" Sazerac distribution accounts. Sazerac does not, and cannot, dispute that such practices are commonplace in the alcohol industry. Since a relatively small number of distributors handle the accounts of numerous alcohol producers, to see that they reach appropriate retail destinations, it is common for the distributors to "target" a new product (like a bourbon barrel aged wine) to a preexisting account that is likely to be receptive to it (like that of a whiskey producer such as Sazerac). See Reply to Opp. to MSJ at p. 12, and evidence cited therein. Moreover, "targeting Sazerac accounts" is not the same as "targeting *Buffalo Trace* bourbon." According to Sazerac's website, Sazerac has more than 60 different whiskey brands, only two of which use the "Buffalo Trace" name. http://www.sazerac.com/BrandPortfolio.aspx?NBid=1

Sazerac disclosed no lay or expert witnesses as having contrary testimony on this undisputable issue. It offered no documents or discovery responses to the contrary. This is not an issue that should take up time at trial, just so Sazerac can point to the words "target Sazerac accounts" in an effort to unfairly prejudice Fetzer Vineyards. In addition, given the numerous other whiskey brands distributed by Sazerac (not to mention the numerous other spirits – more than 50 different vodkas[1], almost 30 different rums,[2] etc.), admission of such evidence is unduly prejudicial and misleading. Thus, the evidence is irrelevant under FRE 401-402 and otherwise inadmissible under FRE 403.

## V. MOTION TO EXCLUDE EVIDENCE REGARDING ANY TTB INVOLVEMENT

Fetzer Vineyards requests an order excluding any evidence pertaining to any issues concerning involvement or communications with or from the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), the enforcement agency that oversees and approves labels for alcohol products. Whether either party has worked with the TTB regarding the labels for each of the products at

---

[1] http://www.sazerac.com/BrandPortfolio.aspx?NBid=6

[2] http://www.sazerac.com/BrandPortfolio.aspx?NBid=9

1  issue is simply irrelevant to any fact of consequence. FRE 401-402.

2  Furthermore, to the extent the TTB required modification, explanation, or any other action
3  as to a label at issue, such information would unfairly prejudice that party, as it would have no
4  probative value and would suggest something was "wrong" with the label, even though it had
5  nothing to do with alleged infringement. FRE 403. Similarly, such information would confuse,
6  district, and waste time. *Id.*

7  **VI.    MOTION TO EXCLUDE REFERENCES TO MIXED DRINKS CONTAINING**
8  **BOTH PRODUCTS AT ISSUE**

9  It appears Sazerac will seek to introduce evidence with respect to a sangria cocktail
10 proposed by Fetzer Vineyards employees (who were not officers or managing agents) that would
11 purportedly combine 1000 Stories wine and Buffalo Trace bourbon. Specifically, there are two
12 emails pertaining to this: one from February 23, 2015 (well after the development and launch of
13 1000 Stories) and one from November 19, 2015 (post filing of the lawsuit). See Opp. to MSJ filed
14 under seal at pp. 5-6, and evidence cited therein (specifically, Exhibits MM and LL, respectively).

15 As outlined with respect to other Motions in Limine (namely, Numbers 1 and 2), mere
16 internal discussions that have nothing to do with the defendant's intent in *selecting* or *adopting* its
17 marks, and have no relevance in a trademark dispute such as this. E.g., *First Brands Corp. v. Fred*
18 *Meyer, Inc.*, 809 F.2d 1378, 1385 (9th Cir. 1987) ("[The] intent of a defendant in *adopting* his
19 trade dress is a critical factor") (Emphasis added). This is especially true when, as here, there is no
20 evidence that those internal discussions were revealed to potential consumers. Thus, this evidence
21 should be excluded as irrelevant. FRE 401-402.

22 Moreover, any small degree of relevance regarding this information is substantially
23 outweighed by the danger of undue prejudice, unnecessary consumption of time, and confusion of
24 the issues. FRE 403. The fact that one or two Fetzer Vineyards employees suggested, in an
25 internal email exchange, a cocktail that happened to combine 1000 Stories and Buffalo Trace has
26 nothing to do with the disputed legal or factual issues in this case, but has everything to do with
27 attempting to unfairly cast Fetzer Vineyards as a company that was trying to hide something or
28 trade on Buffalo Trace's goodwill. Of course, this evidence does not support that, but the mere

fact the two brands were combined in a single email by an employee runs the risk of being misconstrued. Indeed, not only was the sangria recipe never shared externally, the employee who suggested using Buffalo Trace bourbon, explicitly said that *any* bourbon would suffice. Deposition of Rachel Newman, **Exhibit A** to Disharoon Dec., at 153:11-154:24.

      For all of these reasons, this evidence should be excluded. An internal creative idea from one employee, which happened to mention Buffalo Trace but never reached consumers, simply is not relevant. But even if marginally relevant, the probative value is substantially outweighed by the risk of undue prejudice. FRE 403.

DATED: May 16, 2017         WOOD, SMITH, HENNING & BERMAN LLP

By:   /s/ Steven R. Disharoon
      STEVEN R. DISHAROON
Attorneys for Defendant, FETZER VINEYARDS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

I am employed in the County of Contra Costa, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1401 Willow Pass Road, Suite 700, Concord, CA 94520-7982.

On May 16, 2017, I served the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2017, at Concord, California.

                                              /s/ Sara R. Reindl
                                              Sara R. Reindl

# SERVICE LIST
## Sazerac Company, Inc. v. Fetzer Vineyards
### 3:15-cv-04618-WHO

Thomas Michael David Hadid
Cooley, LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel.: (650) 843-5000/Fax: (650) 849-7400
Email: thadid@cooley.com
**Attorney for Plaintiff Sazerac Company, Inc.**

Peter Joel Willsey
Vincent J. Badolato
Shane M. Rumbaugh
Cooley, LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2446
Tel.: (202) 842-7845/Fax: (202) 842-7899
Email: pwillsey@cooley.com
Email: vbadolato@cooley.com
**Pro Hac Vice**

Robert C. Holtzapple
Farella Braun + Martel, LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel.: (415) 954-4400/Fax: (415) 954-4480
**Attorney for Defendant Fetzer Vineyards, Inc.**