COOLEY LLP
PETER J. WILLSEY (996937) *(Pro Hac Vice)*
(pwillsey@cooley.com)
VINCENT J. BADOLATO (450241) *(Pro Hac Vice)*
(vbadolato@cooley.com)
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
Telephone:     (202) 842-7800
Facsimile:      (202) 842-7899

THOMAS M. HADID (291390)
(thadid@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:     (310) 883-6400
Facsimile:      (310) 883-6500

Attorneys for Plaintiffs
SAZERAC COMPANY, INC. &
SAZERAC BRANDS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAZERAC COMPANY, INC., A LOUISIANA CORPORATION, AND SAZERAC BRANDS, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>PLAINTIFFS,<br><br>v.<br><br>FETZER VINEYARDS, INC.,<br><br>DEFENDANT. | **Case No.  15-cv-04618-WHO**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE**<br><br>DATE:     MAY 30, 2017 AT 2:00 P.M.<br>JUDGE:   WILLIAM H. ORRICK<br>DEPT.:     COURTROOM 2, 17TH FLOOR<br><br>TRIAL DATE:  JUNE 26, 2017 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

**TO DEFENDANT FETZER VINEYARDS, INC. AND ITS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on May 30, 2017 at 2:00 pm or as soon thereafter as counsel maybe heard by the above-entitled court, located at 450 Golden Gate Avenue, Courtroom 2, 17th Floor, San Francisco, California 94102, in the courtroom of Judge William H. Orrick, plaintiffs will and hereby do move the Court to grant the subject motion in limine regarding an evidentiary ruling to exclude reference to third party use of particular designs.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration in support of this motion from Counsel of Record Thomas M. Hadid, the pleadings and papers filed herein and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 16, 2017              COOLEY LLP

By: /s/ Peter J. Willsey
Peter J. Willsey
Vincent J. Badolato
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
pwillsey@cooley.com
vbadolato@cooley.com
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Thomas M. Hadid
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
thadid@cooley.com
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

Case 3:15-cv-04618-WHO   Document 86   Filed 05/16/17   Page 3 of 9

# TABLE OF AUTHORITIES

**Cases**

*Cook v. J & J Snack Corp.*,
 2010 WL 3910478 (C.D. Cal. January 28, 2010) ................................................................... 4, 5

*E&J Gallo Winery v. Consorizo Del Gallo Nero*,
 782 F. Supp. 457 (N.D. Cal. 1991) ............................................................................................ 3

*Eclipse Associates Ltd, v. Data General Corp.*,
 894 F.2d 1114 (9th Cir. 1990) ................................................................................................... 4

*Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*,
 2011 WL 3348056 (E.D. Cal. August 2, 2011) ......................................................................... 3

*Icon Enters. Int'l v. Am. Prods. Co.*,
 2004 WL 5644805 (C.D. Cal. Oct. 7, 2004) .......................................................................... 3, 4

*STX, Inc. v. Bauer USA, Inc.*,
 1997 WL 337578 (N.D. Cal. June 5, 1997) ............................................................................... 4

*Ty Inc. v. Softbelly's Inc.*,
 2006 WL 5111124 (N.D. Ill. April 7, 2006) .............................................................................. 5

**Other Authorities**

Fed. R. Evid. 402 ................................................................................................................................ 2

Fed. R. Evid. 403 ................................................................................................................................ 4

Fed. R. Evid. 801 ................................................................................................................................ 5

Fed. R. Evid. 802 ................................................................................................................................ 5

ATTORNEYS AT LAW
LOS ANGELES

i

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION IN LIMINE

## I. INTRODUCTION

Sazerac anticipates that at trial Defendant will uses the expert report of Mr. Tom Pirko and exhibits to the deposition testimony of Kris Comstock and Steve Wyant as a Trojan horse for hundreds of pages of inadmissible evidence concerning the purported use of third party trademarks incorporating imagery of buffalos and other animals ("Buffalo Formative Marks"). Defendant raised the issue during the depositions of Sazerac's employees and on its Motion for Summary Judgment. However, during discovery Defendant failed to establish that any such marks have actually been used in U.S. commerce, are currently in use, or have had sufficient market penetration to influence consumer perceptions. Defendant cannot even show whether a single consumer is aware of any these third party Buffalo Formative Marks.

As a result, documents pertaining to third party Buffalo Formative Marks, as well as any testimony related thereto, are inadmissible. Such evidence is both irrelevant and substantially more prejudicial than probative to any issue in dispute because Defendant cannot show that the Buffalo Formative Marks have been used in commerce. Moreover, such evidence should also be excluded because it consists of inadmissible hearsay culled from third party Internet resources.

## II. FACTUAL BACKGROUND

Defendant's industry expert, Mr. Tom Pirko, attached 77 images to his expert report as evidence of "articles, studies, and other materials" collected during his "independent research." Declaration of Thomas Hadid in Support of Plaintiffs' Motion in Limited ("Hadid Decl"), Exs. A (Pirko Report), B (Exhibit C to Pirko Report). These images purport to show that buffalo imagery is commonly used in the alcoholic beverage marketplace. *Id*.

To identify these images, Mr. Pirko conducted his research exclusively on the Internet. Hadid Decl., Ex. C (Pirko Transcript) at 99:19. Specifically, Mr. Pirko ran searches on the website www.just-drinks.com using words like "buffalo" and "bourbon." *Id*. at 100:4-7. However, Mr. Pirko did not independently confirm that: (a) the images he identified reflect trademarks or products that have ever been used in U.S. commerce, let alone are currently

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

coexisting alongside the parties' marks; (b) any of these products have an appreciable market share in the alcoholic beverages marketplace; or (c) consumers are aware of any of these brands (let alone all of them).

For example, Mr. Pirko attached the image below in Exhibit C of his expert report as evidence of third party use of Buffalo Formative Marks:



Hadid Decl., Ex. B at 75.

Much like the other images in his expert report, Mr. Pirko did not disclose where he accessed the yak image, the date on which he obtained it, the products, if any, on which it was used, the volume of such products sold in the U.S., the producer of these products, whether it was featured on a label for alcoholic beverages, whether any consumers are aware of its existence, and if so, whether those consumers overlap with the relevant purchasers of Sazerac and Defendant's goods. *See generally* Hadid Decl., Ex. B. For each image included in Mr. Pirko's report, Mr. Pirko took the same approach. *Id*.

Other than the documents identified in Exhibit C of Mr. Pirko's expert report and a handful of images used during the depositions of Kris Comstock and Steve Wyant, Defendant did not produce any documents evidencing third party trademark uses of Buffalo Formative Marks. Indeed, to the best of Sazerac's knowledge, Defendant did not produce any information about the alleged products identified in Exhibit C other than the images themselves. In Defendant's motion for summary judgment, Defendant used the images identified in Exhibit C to support its statement that "Sazerac's use of a buffalo has been anything but exclusive." Def Mot. at 14.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

III.  **MOTION IN LIMINE TO EXCLUDE REFERENCE TO THIRD PARTY BUFFALO DESIGN MARKS**

   A.  **Images of Purported Third Party uses of Buffalo Formative Marks are Irrelevant.**

It is black letter law that irrelevant evidence is inadmissible.  Fed R. Evid. 402.  Courts in the Ninth Circuit have repeatedly held that evidence pertaining to third party trademarks is irrelevant if the propounding party fails to show that (1) the marks are used in commerce; and (2) consumers are aware of the marks' existence.  *E&J Gallo Winery v. Consorizo Del Gallo Nero*, 782 F. Supp. 457, 462 (N.D. Cal. 1991) (third-party use was neither persuasive nor relevant where defendant failed to show that the "third party uses are in any way connected to the production, promotion, and sale of wine, much less that any of these has achieved significant consumer recognition."); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 WL 3348056 *18 (E.D. Cal. August 2, 2011) (disregarding third-party trademarks because, *inter alia*, defendant lacked evidence of current use and consumer recognition); *Icon Enters. Int'l v. Am. Prods. Co.*, 2004 WL 5644805 *30 (C.D. Cal. Oct. 7, 2004) ("evidence of third-party use is not admissible unless the proponent can provide 'evidence that [the] trademarks were actually used by third parties, that they were well promoted or that they were recognized by consumers.'").

Here, Defendant fails to satisfy both threshold requirements.  Neither Mr. Pirko nor Defendant provides any evidence that would show that the identified marks were used in U.S. commerce, that any products have been sold bearing such marks, the number of products sold and to whom, or the channels of trade through which they have been sold, "much less that any of these has achieved **significant** consumer recognition." *E&J Gallo Winery*, 782 F. Supp. At 462 (emphasis added).  Since there is no evidence that the Buffalo Formative Marks are used in commerce, or that consumers are aware of the marks' existence, the images and testimony related to the images must be excluded.

Apparently, Defendant believes that the images themselves are sufficient to show that Buffalo Formative Marks are commonplace.  But the images at most show only an intent or a nascent consideration to use such marks.  Defendant could have, among other things, obtained

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3.

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

public data regarding the sales of these products, purchased the products themselves, or subpoenaed third parties regarding use of the identified marks.  It did none of those things.  As a result, the Court has no way of knowing whether any of the products were ever manufactured, whether they entered the stream of U.S. commerce (and if so, when and for how long), or whether they were produced in sufficient volume to affect consumer perceptions.  Indeed, any suggestion by Defendant that these third party Buffalo Formative Marks are in use is nothing more than pure speculation.  The pixelated images that Mr. Pirko compiled ad hoc from internet resources are thus woefully inadequate to support Defendant's claim that "Sazerac's use of a buffalo has been anything but exclusive."  Def Mot. at 14.

Furthermore, a number of the marks identified by Mr. Pirko are entirely unrelated to the products at issue.  For example, Mr. Pirko includes in his report an image of a yak—which is obviously not a buffalo—without any indication as to how it is used as a trademark or the good or service with which it is associated.  Likewise, Mr. Pirko mentioned during his deposition buffalo marks used by restaurants (*e.g.*, BUFFALO WILD WINGS) and football teams (*e.g.*, the BUFFALO BILLS), which reflect goods and services far afield from whiskey and wine.

Moreover, even if Defendant somehow could provide the necessary context and foundation for these marks, they would nevertheless remain irrelevant.  It is well established that evidence of third-party uses of a plaintiff's mark are not relevant.  *Eclipse Associates Ltd, v. Data General Corp.*, 894 F.2d 1114, 1119 (9th Cir. 1990) ("Evidence of other unrelated potential infringers is irrelevant to claims of trademark infringement and unfair competition under federal law); *STX, Inc. v. Bauer USA, Inc.*, 1997 WL 337578, *13 (N.D. Cal. June 5, 1997) ("[E]vidence of other potential infringers is 'irrelevant' to a suit against a particular infringer."); *Icon Enters. Int'l*, 2004 WL 5644805 *30 (granting motion to exclude evidence of third party use of a plaintiff's mark because it is not relevant).

Finally, evidence is not admissible if its probative value is substantially outweighed by the risks of unfair prejudice. Fed. R. Evid. 403.  Even if the evidence of third-party Buffalo Formative Marks has some nominal probative value in the absence of evidence of sales or market penetration, it is substantially outweighed by the risk of unfair prejudice.  Defendant will likely

seek to introduce this evidence at trial to create the illusion of widespread use of Buffalo Formative Marks.  Yet, without other evidence showing that such marks are currently coexisting with the parties' marks *in the marketplace*, Defendant's tact can only serve to mislead the Court regarding the strength of Sazerac's marks.

### B. Evidence of Third-Party Buffalo Formative Marks Is Inadmissible Hearsay.

Defendant's evidence of third-party Buffalo Formative Marks is also inadmissible because it consists of hearsay information collected from third-party websites.  *Cook v. J & J Snack Corp.*, 2010 WL 3910478 *6 (C.D. Cal. January 28, 2010) ("Print outs of websites are not likely to demonstrate that the [third-party] goods offered are similar, and to the extent that they do, they are hearsay."); *Ty Inc. v. Softbelly's Inc.*, 2006 WL 5111124 *7 (N.D. Ill. April 7, 2006) ([defendants] have not identified any exception to the hearsay rule or any purpose for admitting these documents into evidence other than offering the content of the documents for the truth of the matter asserted, *i.e*, that these third parties used the 'Beanie(s)' mark.").

Hearsay is an out of court statement that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801 & 802.  Sazerac anticipates that Defendant will attempt to use images of third-party Buffalo Formative Marks to show that these marks are in use in U.S. commerce and, as a result, consumers are attuned to recognizing the differences between various buffalo marks, including the marks at issue.  In effect, Defendant would be using the images to prove the truth of the matter asserted, *i.e.*, a third-party is using a Buffalo Formative Mark in commerce. Other courts considering the same issue have concluded that such evidence constitutes inadmissible hearsay. *Cook*, 2010 WL 3910478; *Ty Inc*, 2006 WL 51111124.  This court should conclude likewise and exclude Defendant from introducing evidence of third-party Buffalo Formative Marks.

### IV. CONCLUSION

For the foregoing reasons, the Court should exclude any reference by Fetzer to "third-party uses" of buffalo imagery on alcoholic beverages, as the images are irrelevant, unduly prejudicial, and consist of hearsay evidence.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5.

PLAINTIFF'S NOTICE OF MOTION AND MOTION
IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

Dated: May 16, 2017

COOLEY LLP

By: */s/ Peter J. Willsey*
Peter J. Willsey
Vincent J. Badolato
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
pwillsey@cooley.com
vbadolato@cooley.com
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Thomas M. Hadid
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
thadid@cooley.com
Telephone: (310) 883-6400
Facsimile: (310) 883-6500