COOLEY LLP
PETER J. WILLSEY (996937) *(Pro Hac Vice)*
(pwillsey@cooley.com)
VINCENT J. BADOLATO (450241) *(Pro Hac Vice)*
(vbadolato@cooley.com)
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

THOMAS M. HADID (291390)
(thadid@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

Attorneys for Plaintiffs
SAZERAC COMPANY, INC. &
SAZERAC BRANDS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAZERAC COMPANY, INC., A LOUISIANA CORPORATION, AND SAZERAC BRANDS, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>PLAINTIFFS,<br><br>v.<br><br>FETZER VINEYARDS, INC.,<br><br>DEFENDANT. | Case No.  15-cv-04618-WHO<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE**<br><br>DATE:   MAY 30, 2017 AT 2:00 P.M.<br>JUDGE:   WILLIAM H. ORRICK<br>DEPT.:   COURTROOM 2, 17TH FLOOR<br><br>TRIAL DATE:  JUNE 26, 2017 |

Plaintiffs Sazerac Company, Inc. and Sazerac Brands, LLC (together, "Plaintiffs" or "Sazerac") respectfully submit this opposition to Motions In Limine Nos. 1 – 6, filed by Defendant Fetzer Vineyards, Inc. ("Defendant" or "Fetzer") to exclude: 1) Evidence of Unexecuted Promotions; 2) Evidence of Partnership Ideas; 3) [a] Specific Proposed Partnership Email; 4) [Evidence] regarding "Targeting" of Distribution Action; 5) Evidence Regarding any TTB Involvement; and, 6) References to Mixed Drinks Containing Both Products at Issue.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

1.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND. ............................................................................................... 2
    A. The "Bourbon Promotion Evidence." ................................................................... 2
    B. The "Targeting Evidence." .................................................................................... 2
    C. The "TTB Evidence." ............................................................................................ 3
    D. The "Mixed Cocktail Evidence." .......................................................................... 3
II. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF UNEXECUTED PROMOTIONS ................................................................................................................... 4
    A. The Bourbon Promotion Evidence is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent. ......................................................................................... 4
    B. The Bourbon Promotion Evidence is Probative and Not Prejudicial. ................... 5
    C. The Bourbon Promotion Evidence Has Been or Will be Authenticated. .............. 6
    D. The Bourbon Promotion Evidence Does not Constitute Hearsay. ........................ 6
III. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF PARTNERSHIP IDEAS ............................................................................................................................... 6
IV. OPPOSITION TO MOTION TO EXCLUDE SPECIFIC PROPOSED PARTNERSHIP EMAIL .................................................................................................. 8
V. OPPOSITION TO MOTION TO EXCLUDE RE "TARGETING" DISTRIBUTION ACCOUNTS ........................................................................................ 9
    A. The Evidence of Targeting is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent. ......................................................................................... 10
    B. The Targeting Evidence is Probative and Neither Confusing nor Prejudicial. .......... 11
VI. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE REGARDING ANY TTB INVOLVEMENT ....................................................................................................... 11
VII. OPPOSITION TO MOTION TO EXCLUDE REFERENCES TO MIXED DRINKS CONTAINING BOTH PRODUCTS AT ISSUE .................................................. 12
    A. The Mixed Cocktail Evidence is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent. ......................................................................................... 12
    B. The Mixed Cocktail Evidence is Probative and Not Prejudicial. ........................ 12
VIII. CONCLUSION ................................................................................................................. 13

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

i.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Caluori v. One World Techs.*, Inc.,
   No. CV 07-2035 CAS VBKX, 2012 WL 2004173, at *2 (C.D. Cal. June 4, 2012) .......................7

*Cmty. Ass'n for Restoration of the Env't v. Cow Palace, LLC*,
   80 F. Supp. 3d 1180 (E.D. Wash. 2015) ............................................................................ passim

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
   955 F.2d at 1339 ........................................................................................................................12

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
   967 F. 2d 1280 (9th Cir. 1992) ....................................................................................................5

*E.E.O.C. v. Farmer Bros. Co.*,
   31 F.3d 891 (9th Cir. 1994) .........................................................................................................5

*Gulf States Utils. Co. v. Ecodyne Corp.*,
   635 F.2d 517 (5th Cir. 1981) .......................................................................................................5

*Interstellar Starship Servs., Ltd. v. Epix Inc.*,
   184 F.3d 1107 (9th Cir. 1999) .....................................................................................................4

*Johnson & Johnson v. Quality Pure Mfg., Inc.*,
   484 F. Supp. 975 (D.N.J. 1979) ..................................................................................................4

*Reddy v. Nuance Commc'ns, Inc.*,
   2015 WL 4648008 (N.D. Cal. Aug. 5, 2015) ..............................................................................8

**Other Authorities**

Fed. R. Civ. P.
   401 ........................................................................................................................................4, 10
   403 ...........................................................................................................................5, 6, 7, 11, 12
   801 ..........................................................................................................................................6, 9
   803 ..............................................................................................................................................8
   803(3) .........................................................................................................................................8

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

ii.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

I.     FACTUAL BACKGROUND.

    A.     The "Bourbon Promotion Evidence."

Fetzer has repeatedly maintained that wine, in particular Zinfandel, and bourbon are unrelated products. *See* Dkt. 83. ▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Maturana Dep. 156:24-157:6; Bianchetti Dep. 21:11-16.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬ Ex. 46; Ex. 30 at FETZER0013293. ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Maturana Dep. at 149:18-155:7. ▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Dkt.

74, Exhibit JJ.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 29; Ex. 30 at FETZER0013293. ▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬ *Id*.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 38; Ex. 39 at p. 12. ▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬ Maturana Dep. at 147:12-19; Ex. 237 to Maturana Dep.

    B.     The "Targeting Evidence."

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1    ███████ Ex. 28 at FETZER0012519; Ex. 30 at FETZER0013293. ███████

2    ████████████████████████████████████████████████████████████████

3    Maturana Dep. at 156:14-17.

4        **C.**    **The "TTB Evidence."**

5    ████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████████████████ DeVries

8    Dep. at 53:20-54:4. ██████████████████████████████████████████

9    ████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████ DeVries Dep.

11   60:19-61:6; Ex. 16.

12       **D.**    **The "Mixed Cocktail Evidence."**

13   ████████████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████████████ Ex.

15   41; Newman Dep. at 158:11-17. ██████████████████████████████████

16   ████████████████████████████████████ Newman Dep. at 160:16-23.

17   ████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████

19   ███████ Ex. 48.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES
145867558
3.
**PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE**
(CASE NO.: 15-CV-04618-WHO)

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE

## II. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF UNEXECUTED PROMOTIONS

Defendant seeks to preclude Sazerac from introducing evidence of proposed cross-promotions of 1000 Stories wine with bourbon products, including BUFFALO TRACE bourbon, on the ground that such evidence (1) is irrelevant, (2) constitutes hearsay, (3) is of limited probative value, which is substantially outweighed by the risk of prejudice, and (4) consists of unauthenticated documents. Dkt. 84-1 ("Motion") at 1-2. Sazerac responds to each of these arguments as follows.

### A. The Bourbon Promotion Evidence is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Civ. P. 401. Defendant asserts in conclusory fashion that the Bourbon Promotion Evidence is not relevant to intent, and cannot possibly be relevant to any other fact in dispute. Both assertions are incorrect.

The Bourbon Promotion Evidence is relevant to Defendant's knowledge of the BUFFALO TRACE marks prior to the launch of 1000 Stories wine, and prior to Defendant's receipt of a demand letter from Sazerac in February 2015. From these facts, among others, the Court may conclude that even if Defendant did not select the 1000 Stories buffalo logo with an intent to infringe the BUFFALO TRACE Marks, its knowledge of the similarities between the marks renders Defendant culpable under the intent prong of the likelihood of confusion factors. *See Interstellar Starship Servs., Ltd. v. Epix Inc.,* 184 F.3d 1107, 1111 (9th Cir. 1999) (finding relevant intent where defendant became aware of the plaintiff's trademark when it applied for its own trademark registration); *see also*, *Johnson & Johnson v. Quality Pure Mfg., Inc.*, 484 F. Supp. 975, 979 (D.N.J. 1979). Such evidence is also relevant to whether Plaintiffs are entitled to attorneys' fees. Dkt. 85 at 11-12.

Furthermore, the fact that Defendant sought to promote 1000 Stories wine in conjunction with bourbon products, and discussed cross promotions with BUFFALO TRACE bourbon and other

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

4.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

1  whiskies, belies Defendant's insistence that Zinfandel and bourbon are unrelated. The fact that such
2  promotions were even considered, let alone on multiple occasions, shows that Defendants believed
3  1000 Stories wine to be sufficiently related to bourbon such that they should be marketed together,
4  thereby demonstrating that they are, at a minimum, complementary products. "Where goods are
5  related or **complementary**, the danger of consumer confusion is heightened. *E. & J. Gallo Winery v.*
6  *Gallo Cattle Co.*, 967 F. 2d 1280, 1291 (9th Cir. 1992) (finding wine, cheese, and salami
7  complementary, weighing in Plaintiff's favor) (emphasis added).

8  Accordingly, the Bourbon Promotion Evidence is relevant.

9  **B.     The Bourbon Promotion Evidence is Probative and Not Prejudicial.**

10 As an initial matter, Rule 403 has a limited role, if any, in a bench trial. *Cmty. Ass'n for*
11 *Restoration of the Env't v. Cow Palace, LLC*, 80 F. Supp. 3d 1180, 1216 (E.D. Wash. 2015) (citing
12 *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994)) (citing *Gulf States Utils. Co. v.*
13 *Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (noting that excluding relevant evidence in a bench
14 trial is an illogical and "useless procedure" because a judge in a bench trial can exclude any improper
15 inferences from certain evidence in reaching a decision). On this basis alone, Defendant's attempt to
16 exclude the Bourbon Promotion Evidence pursuant to Rule 403 should be disregarded.

17 Moreover, and as discussed above, the Bourbon Promotion Evidence is highly probative of
18 Defendant's knowledge of BUFFALO TRACE bourbon prior to the sale of 1000 Stories wine, the
19 willfulness of Defendant's infringement, and the relatedness of the parties' offerings. The probative
20 value of the Bourbon Promotion Evidence is readily apparent.

21 Meanwhile, Defendant's cries of prejudice ring hollow. Defendant asserts that Plaintiffs will
22 seek to argue that "since someone suggested putting 1000 Stories and Buffalo Trace (and Jack Daniels)
23 together in the same idea, there must be infringement and consumer confusion." Motion at 18. This
24 is not only a mischaracterization of Plaintiffs' position — it conveniently overlooks the fact that
25 Fetzer's own employees were responsible for all but one of the proposals. Defendant's allegations of
26 prejudice associated with the Bourbon Promotion Evidence are unavailing, and far outweighed by the
27 probative nature of the evidence.

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

5.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

### C. The Bourbon Promotion Evidence Has Been or Will be Authenticated.

As for authentication, all documents constituting the Bourbon Promotion Evidence have been (or will be) duly authenticated by Defendant during depositions and/or trial. *See* Dkt. 8 (identifying all relevant authentication witnesses).

### D. The Bourbon Promotion Evidence Does not Constitute Hearsay.

Finally, with respect to Defendant's objection to the Bourbon Promotion Evidence on the ground that it constitutes hearsay, such evidence is not being submitted for the truth of the matter asserted (*i.e.*, that such promotions took place). *See* Fed R. Evid. 801. Rather, it is being submitted to demonstrate Defendant's knowledge of Plaintiffs' BUFFALO TRACE product, intent in marketing its 1000 STORIES wine, and the relatedness of the products at issue. Thus, it does not constitute hearsay, and may not be excluded on that basis.

## III. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF PARTNERSHIP IDEAS

Fetzer seeks to preclude evidence that it attempted to form partnerships with various bourbon companies on the grounds that such evidence is inadmissible "under FRE 401 - 403…since it is not relevant and will be unduly prejudicial, time consuming, and confusing / distracting." Motion at 3. Once again, however, Sazerac notes that Rule 403 is of limited applicability during bench trials. *Cow Palace,* 80 F. Supp. 3d at 1216. Furthermore, Fetzer does not even explain why such evidence would be irrelevant or unduly prejudicial.

The evidence is relevant to at least four *Sleekcraft* factors, as it is probative of the relatedness of the parties' goods, that they travel in the same channels of trade, that they are marketed to the exact same consumers, and that they are marketed in the same manner. Fetzer obviously would not seek to enter into partnerships with bourbon companies if the parties' goods were unrelated or marketed through different channels to different consumer groups. And because Fetzer denies that any of these factors favor Sazerac – for example, in that the parties' goods are related or travel in the same channels of trade (*see* Fetzer's Motion for Summary Judgment at 17-23) – evidence that Fetzer pursued cross promotions with bourbon companies is relevant to proving these factors, as this Court has noted. Dkt. 80 at 19 (regarding proximity of goods, "Fetzer also seems to ignore its own advertising and marketing strategy that explicitly drew a connection between its 1000 Stories wine and bourbon drinkers."); 20

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

6.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

(regarding Fetzer's intent, "[b]ut the credibility of that testimony is undermined by Fetzer's own documents, which disclose a marketing strategy that included targeting Sazerac accounts for sales of 1000 Stories wine and potential cross promotions with Buffalo Trace.").

Moreover, the evidence of Fetzer's attempted partnership with Brown-Forman sets the background for the document it seeks to exclude in its Motion in Limine No. 3. Because that document is admissible, as explained below, evidence regarding the attempted partnership, and the reasons for it, is also relevant and admissible. Nor does the fact that Brown-Forman (for example) refused to enter into the partnership because of a perceived association between the 1000 Stories and BUFFALO TRACE marks make the evidence irrelevant. Indeed, that particular event is also relevant, as described below, and Fetzer's intent in pursuing those partnerships is relevant, regardless of whether partnerships were eventually consummated.

While these attempted partnerships are not favorable to Fetzer's case, Fetzer has not articulated how the evidence is *unduly* prejudicial to Fetzer, as Fed. R. Evid. 403 requires. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Caluori v. One World Techs.*, Inc., 2012 WL 2004173, at * 2 (C.D. Cal. June 4, 2012). Nor has Fetzer explained why the evidence would be "time-consuming" or "confusing/distracting." Motion at 19. Sazerac is confident that the evidence will be presented in a clear and efficient manner, and that it will neither confuse nor distract the Court. Fetzer offers no reason to believe otherwise.

Fetzer also claims that the evidence is "cumulative, since Fetzer Vineyards has made no secret of the fact its 1000 Stories wine is meant to appeal to men, and bourbon drinkers in particular." Motion at 3. But so long as Fetzer maintains that the parties' products are unrelated, and their marketing and trade channels distinct, it cannot also seek to exclude evidence which contradicts its position on the ground that such evidence is cumulative. Thus, the evidence is not "cumulative" given that it provides evidence supporting these *Sleekcraft* as well as and a glimpse into Fetzer's intent and motivations for its actions.

Finally, Fetzer argues, "[t]o the extent Sazerac attempts to support any opposition arguments with evidence from third-parties, it failed to obtain the personal knowledge and authentication

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

7.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

necessary to lay a proper foundation, and it will also run into the same hearsay problems as noted with respect to Motion in Limine I." Motion at 3. It is unclear to what "evidence from third-parties" Fetzer refers. To the extent Fetzer references emails sent to or received by Fetzer employees, those documents will be authenticated at trial by Fetzer's witnesses who have personal knowledge as to the emails. *See Reddy v. Nuance Commc'ns, Inc.*, 2015 WL 4648008, at * 4 (N.D. Cal. Aug. 5, 2015) (denying motion in limine to exclude instant message printouts as unauthenticated because, "Reddy says she can authenticate the exhibits because she was a participant of the instant messages ..."). Moreover, the emails are not hearsay as they are not offered for the truth of the matter asserted (i.e., to prove that such promotions were undertaken). And, even if the Court deems such evidence to be hearsay at trial (it has no basis to do so at this point, particularly given Fetzer has not identified which specific documents it objects to), they are admissible as they are business records pursuant to Fed. R. Evid. 803, and refer to the senders' then existing mental state under Fed. R. Evid. 803(3). The cases Fetzer cites relate to evidence of alleged confusion, and therefore are not relevant to this issue.

For these reasons, the Court should deny Fetzer's Motion in Limine No. 2.

## IV. OPPOSITION TO MOTION TO EXCLUDE SPECIFIC PROPOSED PARTNERSHIP EMAIL

Fetzer seeks to preclude the introduction of one email, which is the last email in a chain of emails between Fetzer and Brown-Forman regarding a potential partnership opportunity. Motion at 19-20. While Fetzer cites to Exhibit JJ to the Confidential Declaration of Thomas Hadid in Opposition to Fetzer's Motion for Summary Judgment (Dkt. 74-4), it appears to seek exclusion of only the last email in the chain. *See* Motion at 4 ("Sazerac will attempt to admit into the trial record a particular email from non-party Brown-Forman…"). Thus, the entire chain is not at issue in this motion in limine and should be admitted.

As to the particular referred email, it was an email sent by Ms. York of Brown-Forman in January 2015, shortly after the launch of 1000 Stories wine. As the email chain demonstrates, it was the final email in a chain that began in December 2014, prior to the launch of 1000 Stories and its buffalo logo and trade dress. The email chain demonstrates an effort by Fetzer to partner with Brown-Forman, the owner of various bourbon brands. As Fetzer notes, the most noteworthy line in the email

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

8.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

is: "In addition, from the web-site there are references to several competitors and the label with the Buffalo took them right to Buffalo Trace . . ." Motion at 4.

Fetzer argues that the email is inadmissible because Ms. York, the sender, was never deposed and, "it is anyone's guess what Ms. York meant by the foregoing." *Id*. Fetzer then speculates what Sazerac might offer the email to prove. But Fetzer misses the point. It does not matter for purposes of trial what Ms. York meant by the email, which is part of the reason she was not deposed. The relevance of the email is what Fetzer did in response to Ms. York's representation that Fetzer's buffalo logo called to mind Buffalo Trace. In addition, several of Fetzer's key employees, including Mr. Maturana, have claimed that they were not aware of BUFFALO TRACE prior to this lawsuit. This email directly refutes that claim, as Mr. Maturana must have been aware of BUFFALO TRACE at least as early as January 2015.

Fetzer incongruously argues that the email is also inadmissible hearsay. It is unclear how the email could be offered for the truth of the matter asserted if "it is anyone's guess what Ms. York meant..." In any case, Ms. York's meaning is less important than the effect the email had on the listener, and it is that effect for which the document will be offered. Accordingly, it is not hearsay. Fed. R. Evid. 801.

Finally, Fetzer argues that the email is inadmissible on the grounds that it "will mislead, confuse, distract, and unfairly prejudice Fetzer Vineyards..." Motion at 4. However, it is Fetzer that is attempting to mislead, confuse, and distract from the relevance of this email — slinging objections in the hope that something sticks. For its part, and as discussed above, Sazerac will use the correspondence for limited, legitimate purposes, and Sazerac is confident that the Court is fully capable of avoiding any improper inferences from the same. *See Cow Palace,* 80 F. Supp. 3d at 1216. Accordingly, the Brown-Forman partnership evidence should be admitted.

V. **OPPOSITION TO MOTION TO EXCLUDE RE "TARGETING" DISTRIBUTION ACCOUNTS**

Fetzer seeks to preclude Sazerac's introduction of evidence that Fetzer employees "targeted" Sazerac's distribution accounts on the basis that the information is irrelevant and unfairly prejudicial. Motion at 20-21. As noted above, "relevant evidence" is evidence having any tendency to make the

Cooley LLP
Attorneys At Law
Los Angeles

145867558

9.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Civ. P. 401. Fetzer asserts – in a conclusory manner and without evidence – that, because there are "a relatively small number of distributors" that handle the accounts of numerous alcohol producers, it is "common for the distributors to 'target' a new product . . . to a preexisting account that is likely to be receptive to it." Motion at 20. Fetzer further contends that this characterization is "indisputable," particularly in the purported absence of "lay or expert witnesses" or "discovery responses to the contrary." *Id.* at 21. Finally, in its attempt to characterize the evidence as irrelevant and prejudicial, Fetzer attempts to draw a distinction between "'targeting Sazerac accounts [versus] 'targeting *Buffalo Trace* bourbon.'" *Id.* (emphasis in original). For the reasons set forth below, none of these arguments have merit.

### A. The Evidence of Targeting is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent.

As in its other motions in limine, Fetzer again confuses inconvenience with undue prejudice. Fetzer's emphasis on the fact that Sazerac and Fetzer may share distributors deliberately overlooks the probative value of this particular category of evidence, namely, that Fetzer specifically sought to target *Sazerac* accounts by name (*i.e.*, Sazerac's specific channels of trade, including channels through which Sazerac's signature bourbon, BUFFALO TRACE, is sold), not distributor accounts that may overlap invidentally.

Moreover, accounts "receptive" to a bourbon barrel-aged wine would, by Fetzer's own logic, include those distributors with whom Sazerac – as a manufacturer of 34 bourbon brands – would have the closest relationship, supporting Sazerac's contention that the goods are highly related, likely to travel through the same channels of marketing and sale, and be purchased by the same consumers. Although Fetzer contends evidence on this topic would "confuse issues at trial," Motion at 21, this evidence is highly probative of key issues of the trial. Those issues include, but are not limited to, Fetzer's knowledge and awareness of Sazerac – including specifically Sazerac's marquis BUFFALO TRACE brand, which it is inextricably and invariably associated with, the identical marketing channels and targeted consumers, and Fetzer's intent in choosing a buffalo to market bourbon barrel-aged wine to those same consumers. Based on the foregoing, evidence of Fetzer's attempts to target

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

10.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-cv-04618-WHO)

1  Sazerac accounts specifically is highly relevant to the issues to be decided at trial and should not be
2  excluded.

### B. The Targeting Evidence is Probative and Neither Confusing nor Prejudicial.

Under Federal Rule of Civil Procedure 403, evidence should be excluded where its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Fetzer makes no argument to explain why the issue of Fetzer having targeted Sazerac accounts is either confusing or unduly prejudicial, except by stating without evidence that distributors occasionally share clients. *See* Motion at 21. However, as established above, Fetzer's motivation in targeting particular accounts, specifically Sazerac's, makes the evidence highly relevant to key issues that Sazerac will raise at trial. Given that Rule 403 is less relevant in a bench trial, *see Cow Palace, LLC*, 80 F. Supp. 3d at 1216, *supra*, this evidence should not be excluded as either confusing or unduly prejudicial, and the motion should be denied.

## VI. OPPOSITION TO MOTION TO EXCLUDE EVIDENCE REGARDING ANY TTB INVOLVEMENT

Fetzer seeks to preclude Sazerac's introduction of evidence "pertaining to any issues concerning involvement or communications with or from the TTB. Motion at 21. Fetzer contends that evidence relating to "[w]hether either party has worked with the TTB regarding the labels for each of the products at issue is simply irrelevant to any fact of consequence." *Id*. Fetzer further argues that any evidence demonstrating a request by the TTB that "required modification, explanation, or any other action as to a label at issue" would suggest something was "'wrong' with the label, even though it had nothing to do with the alleged infringement" and thus would "confuse, district [sic], and waste time." *Id*.

Fetzer's argument is untenable, as Sazerac has neither an intention nor any reason to suggest that there is anything "wrong" with the 1000 Stories label, other than that it infringes Sazerac's BUFFALO TRACE marks. However, Fetzer's actions regarding the 1000 Stories label, including its actions taken in connection with the TTB, are relevant to show the importance that Fetzer placed on the "bourbon barrel aged" phrase prominently adorning the label.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

11.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

[REDACTED] DeVries

Dep. 60:19-61:6; Ex. 16.

## VII. OPPOSITION TO MOTION TO EXCLUDE REFERENCES TO MIXED DRINKS CONTAINING BOTH PRODUCTS AT ISSUE

Defendant seeks to exclude Sazerac from introducing the Mixed Cocktail Evidence on the ground that such evidence (1) is irrelevant, and (2) is of limited probative value, which is substantially outweighed by the risk of prejudice. Neither argument has any basis in law or fact.

### A. The Mixed Cocktail Evidence is Relevant to Show the Proximity of the Parties' Goods, Defendant's Knowledge of the BUFFALO TRACE Marks, and Defendant's Intent.

The Mixed Cocktail Evidence, like much of the other evidence Fetzer seeks to exclude, is relevant to show that Fetzer was aware of BUFFALO TRACE bourbon, and either sought to capitalize on an association between the parties' products or willfully ignored the association that even its own employees had made. [REDACTED] Newman Dep. 160:16-161:24. It strains credulity for Fetzer to represent to Sazerac and the Court that BUFFALO TRACE was never mentioned by Fetzer's employees in this context.

Furthermore, the fact that, on more than one occasion, Fetzer employees concocted cocktails that incorporated both parties' products, conclusively establishes that the parties' goods are related for the purpose of determining whether confusion is likely. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 955 F.2d at 1339 (upholding a district court finding that cheese and wine are related because they are "frequently served and promoted together").

Accordingly, the Mixed Cocktail Evidence is relevant.

### B. The Mixed Cocktail Evidence is Probative and Not Prejudicial.

As discussed in section II above, Rule 403 is generally disregarded in a bench trial. *See Cow*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

12.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)

1  *Palace*, 80 F. Supp. 3d at 1216. Moreover, and as noted above, the Mixed Cocktail Evidence is highly probative of Fetzer's knowledge of BUFFALO TRACE, the willfulness of its infringement, and the relatedness of the parties' offerings. Furthermore, Fetzer's argument that the evidence is prejudicial once again rests on a gross mischaracterization. ▇

▇

▇

▇ *See* Newman Dep. at 158:11-17.

### VIII. CONCLUSION

For the foregoing reasons, Fetzer's Motions in Limine Nos. 1-6 should be denied in their entireties.

Dated: May 23, 2017

COOLEY LLP

By: */s/ Peter J. Willsey*
Peter J. Willsey
Vincent J. Badolato
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
pwillsey@cooley.com
vbadolato@cooley.com
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Thomas M. Hadid
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
thadid@cooley.com
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

145867558

13.

PLAINTIFFS' MEMO OF P & A IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE
(CASE NO.: 15-CV-04618-WHO)